**A & L COATING SPECIALTIES CORP., Appellant,**

v.

**MEYERS PRINTING COMPANY, Respondent.**

No. C8–85–928.

Court of Appeals of Minnesota.

Sept. 17, 1985.

Lane R. Kirchner, John W. Zwebber, Roseville, for appellant.

John H. Brennan, Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

This appeal is from a judgment on respondent's counterclaim and from a denial of appellant's motion for a new trial. We affirm.

## FACTS

Appellant A & L Coating Specialties Corporation (A & L) is engaged in the business of applying coating and glazing materials to paper products. A & L brought action to recover payment on contracts with respondent Meyers Printing Company (Meyers). Meyers counterclaimed seeking damages for goods destroyed by A & L. The trial court found Meyers liable on the contracts and A & L liable for the damaged goods. Judgment was entered in Meyers' favor for the difference between the value of the damaged goods and the amount due under the contracts.

The parties agreed that appellant was to apply a coating to some posters for respondent. When the job was completed, the posters stuck together and could not be separated without ruining them. A & L noticed the posters were not drying properly during the coating process and notified Meyers of the problem. Meyers' employee told A & L to complete the work. A & L argues that Meyers thereby assumed responsibility for the resultant damage.

A & L's witness was uncertain about when each event took place. Meyers' witness testified that the employee who allegedly told A & L to continue the work was on vacation during the time the conversation supposedly took place.

A & L claims a new trial should have been granted because a document called a cost tracer was admitted at trial, over appellant's hearsay objection, as proof of respondent's damages. The cost tracer was the company's method of keeping track of the costs of each job. The document was introduced through an employee who had been employed for 13 years, a number of those years in the production area. He was not the records custodian and was not responsible for billing, but had thorough knowledge of the company's business practices.

## ISSUES

1. Were the trial court's findings on the issue of appellant's liability clearly erroneous?

2. Was admission of the cost tracer as a business record proper?

## ANALYSIS

### I.

Appellate review is limited to determining whether the district court's findings of fact are clearly erroneous, with "due regard being given to the opportunity of the trial court to judge the credibility of the witnesses."

*Hubbs v. Leach,* 355 N.W.2d 470, 473 (Minn.Ct.App.1984) (quoting *In re Trust Known as Great Northern Iron Ore Properties,* 308 Minn. 221, 225, 243 N.W.2d 302, 305, *cert. denied,* 429 U.S. 1001, 97 S.Ct. 530, 50 L.Ed.2d 612 (1976)).

There was conflicting evidence on the occurrence or non-occurrence of a conversation between A & L and Meyers' employee. The trial court is the best judge of credibility of the witnesses. It concluded that A & L assumed the risk of completing the coating process. This finding was not clearly erroneous.

### II.

There are three tests to admit a document under the business records exception to the hearsay rule. Minn.R.Evid. 803(6). First, the record must be kept in the course of a regularly conducted business activity. Second, it must be the regular practice of that business activity to make that memorandum, report, etc. Finally, foundation must be shown by the custodian of the records or another qualified witness. *National Tea Co. v. Tyler Refrigeration Co.,* 339 N.W.2d 59, 61 (Minn.1983).

In *National Tea,* the Minnesota Supreme Court held it is not necessary that the person who prepared the reports testify to their contents. *Id.* at 62. The court stated that the phrase "other qualified witness" should be interpreted broadly and the witness need only understand the system involved. *Id.* at 61.

The supreme court stated that admissibility of evidence is within the trial court's discretion. In exercising discretion, the court should consider four factors: (1)

Was the document prepared for presentation in the case being tried? (2) Was the report made by an independent agency or a hired agency? (3) When was the report made? (4) What is the nature of the organization preparing the report? *Id.* at 62.

These factors are met. The witness testified that the document was kept in the regular course of Meyers' business, was prepared at the time the costs arose, was updated daily, and that such records were typically kept on all jobs. Given the broad interpretation of the rule, this witness may properly be considered an "other qualified witness" familiar with the record-keeping system.

The business records exception, as it arose at common law, is based on the belief that business records are generally accurate and therefore trustworthy evidence. *Chillstrom v. Trojan Seed Co.,* 242 Minn. 471, 484, 65 N.W.2d 888, 897 (1954). There is no indication that this document lacks trustworthiness.

### DECISION

The trial court's findings are not clearly erroneous and no error of law occurred at trial. Denial of the motion for a new trial was not error.

Affirmed.